IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES B. TEMME <br> 6010 South 159th Circle <br> Omaha, NE. 68135 <br><br> Plaintiff, <br><br> v. <br><br> Dr. Mark T. Esper, <br> Secretary of the U.S. Army, <br> 1200 Army Pentagon <br> Washington DC 20350-1200 <br><br> Defendant. | Civil Action No. 19-12 |

COMPLAINT

COMES NOW Plaintiff, James B. Temme, by and through counsel, and for his Complaint does state:

NATURE OF THE ACTION

1. Plaintiff was wrongfully discharged from the United States Army. (hereinafter "Army") without being awarded the Purple Heart medal.

2. On October 30, 2015, the Army Board for Correction of Military Records ("ABCMR") denied Plaintiff's request for a Purple Heart award based on an injury he sustained during his time in service . The ABCMR based this denial on a lack of substantiating evidence in his military records to support an award of a Purple Heart.

3. On November 13, 2018, ABCMR denied Plaintiff's request for reconsideration on basically the same grounds articulated in ¶ 2.

4. Plaintiff now challenges the ABCMR decisions in ¶¶ 2 & 3 as arbitrary, capricious, unsupported by substantial evidence, and contrary to law.

## JURISDICTION AND VENUE

5. This is an action seeking judicial review under Administrative Procedure Act, 5 U.S.C. § 706. Plaintiff asserts that the ABCMR acted arbitrarily and capriciously in its decisions.

## PARTIES

6. Plaintiff served in the Army from February 13, 1969, to September 19, 1969. Plaintiff was discharged under "Honorable" conditions, at the rank of SGT (T) and pay grade of E-5 with the following awards: National Defense Service Medal, Vietnam Gallantry Cross with Palm, Vietnam Campaign Medal, Combat Infantryman Badge, Two Overseas Bars, Marksman (Rifle).

7. Defendant is Dr. Mark T. Esper, Secretary of the United States Department of the Army, and is named in his official capacity.

## FACTUAL ALLEGATION

8. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 7 above, as it fully set forth herein.

9. Plaintiff is a Vietnam War Veteran who served in country while in the Army from February 13, 1969, to September 19, 1969.

10. On February 9, 1969, during a tour in Vietnam, Plaintiff's Company engaged in enemy fire while on maneuver's in Iron Triangle in the Republic of Viet Nam

11. During ¶10, Plaintiff received an injury to his right elbow from an explosion his vehicle endured by anti-tank mine.

12. Given the lack of medical personnel and in the fog of war, Plaintiff self-treated his wound, i.e., he bandaged his own wound.

13. As acting platoon Sargent, Plaintiff remained behind while the other injured soldiers were evacuated from the field of battle for medical treatment.

14. Several months later, Plaintiff's wound became infected and he reported to a battalion aid station and later at a medical battalion where his elbow was treated.

15. Plaintiff never received a Purple Heart for his injury.

16. Plaintiff's applications for a records correction were ultimately denied.

17. The ABCMR concluded there was no evidence that the "laceration"[1] of left elbow which eventually became infected (and then treated by military medical personnel) was the direct result hostile action.

18. Based on the evidence Plaintiff provided the ABCMR, including a self-statement and two "buddy" letters, the ABCMR should have corrected its military records to reflect that Plaintiff was injured in combat, (eventually) received medical treatment for the injury; this in turn would have qualified him for a Purple Heart.  See *Haselwander v. McHugh, 413 U.S. App. D.C. 302, 774 F.3d 990 (2014)*

CLAIM FOR RELIEF

19. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above, as it fully set forth herein.

---

[1] The word "laceration" is used by the military in its actions.  A laceration is defined as "a wound produced by the tearing of body tissue, as distinguished from a cut or incision. External lacerations may be small or large and may be caused in many ways, such as a blow from a blunt instrument, a fall against a rough surface, or an accident with machinery. Lacerations within the body occur when an organ is compressed or moved out of place by an external or internal force. This may result from a blow that does not penetrate the skin, and surgical repair is usually necessary."  See https://medical-dictionary.thefreedictionary.com/laceration viewed on January 1, 2019.

2

20. The ABCMR's decisions denying Plaintiff's claim was arbitrary, capricious, unsupported by substantial evidence, and contrary to law. In light of the evidence submitted and Plaintiff's known experiences during service, the ABCMR should have fully developed Plaintiff's claim and correct his records as similarly done in *Haselwander*.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, through Counsel, prays this Court to enter judgment in favor of the Plaintiff as follows:

1. Holding the October 30, 2015, and November 13, 2018, ABCMR decisions arbitrary and capricious, unsupported by substantial evidence, and contrary to law.

2. Remanding the case to the ABCMR for full and good faith consideration on the merits; including an evaluation of the evidence before it, the argument made herein, its duties to provide equity and justice as discussed in *Haselwander* and all other previously presented claims that the ABCMR has not properly considered.

3. Awarding Plaintiff his costs and attorneys' fees; including Equal Act to Justice Act fees.

4. Granting such other relief as the Court deems just and proper.

Dated: January 2, 19            Respectfully Submitted,

/s/
Michael D.J. Eisenberg
Law Office of Michael D. J. Eisenberg
Counsel for Plaintiff
700 12th Street, NW, Suite 700
Washington, DC 20005
O: (202) 558-6371
F: (202) 403-3430
michael@eisenberg-lawoffice.com